**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Lee Mellinger, | No. CV-13-02191-PHX-DGC |
| Petitioner, | **ORDER** |
| v. | |
| Warden Graber, | |
| Respondent. | |

Petitioner Daniel Lee Mellinger filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Doc. 1. On July 22, 2014, United States Magistrate Judge Michelle H. Burns issued a report and recommendation ("R&R") recommending that the petition be dismissed with prejudice. Doc. 19 at 7. The Court will accept the R&R.

**I.    Background.**

At the time Petitioner filed his petition, he was serving sentences for Armed Bank Robbery and Possession of a Prohibited Object by an Inmate at the Federal Correctional Institution ("FCI") in Phoenix, Arizona. Doc. 10-1 at 3. Petitioner was scheduled to be released from custody on July 19, 2014, after serving his federal sentence. Doc. 16-1 at 4. Unfortunately for Petitioner, he is subject to a United States Parole Commission ("USPC") detainer lodged against him for a previous parole violation.

When a parolee is alleged to have violated the terms of his release, the USPC may "[i]ssue a warrant for the apprehension and return of the offender to custody." 28 C.F.R. § 2.44(a)(2). If the parolee "is serving a new sentence in a federal, state, or local institution, a parole violation warrant may be placed against him as a detainer."

28 C.F.R. § 2.47(a).  Petitioner was notified in 2007 that USPC had issued a parole violator warrant and placed it against him as a detainer.

Pursuant to a Memorandum of Understanding ("MOU") executed by the Bureau of Prisons ("BOP") and the United States Marshall Service ("USMS") in 2007, the BOP holds inmates who are "parole violators," defined as inmates being held on violator warrants pending parole revocation hearings.  Doc. 16-1 at 2-3.  The MOU discusses which agency will house parole violators.  When an inmate is located at a BOP facility, BOP will retain custody of the inmate.  Under the MOU, it is the practice of FCI Phoenix that a parole violator who has completed his BOP sentence be released from the federal sentence and immediately re-arrested under the MOU.  Doc. 16-1 at 3.  BOP then forwards copies of the executed warrant to the USPC and houses the inmate on the parole violator warrant pending a parole revocation hearing.  *Id*.  When the inmate is released from BOP and re-arrested on the parole violator warrant, the inmate is no longer a sentenced BOP inmate but is a USMS detainee temporarily housed by BOP pursuant to the MOU.  *Id*. at 4.  The parole revocation hearing must occur within 90 days of the "date of the execution of the violator warrant upon which the parole was retaken." 28 C.F.R. § 2.49(f).

**II.	Discussion.**

Petitioner challenged the BOP's refusal to place him in a halfway house to complete his sentence based on the USPC detainer lodged against him.  Doc. 1. Petitioner claimed that the detainer "is not a detainer in the normal sense" because it is "a notice of action for an administrative procedure."  Doc. 1 at 4.  The government argued that Petitioner's habeas petition would become moot on July 18, 2014 because Petitioner would no longer be in BOP custody; instead, USPC would control the length and location of Petitioner's detention after July 18, 2014.  Doc. 16 at 3-4.  The Court agrees with the government.  Because Petitioner has completed his BOP sentence, BOP's failure to designate him to halfway house placement prior to the completion of his term is no longer a live controversy.

Petitioner objects to the R&R on the grounds that the USPC's continued authority over his parole violates the *ex post facto* clause of the Constitution. Doc. 22 at 1. After carefully reviewing Petitioner's habeas petition, it is clear that the petition did not challenge the USPC's authority to continue exercising authority over him after his BOP term expired. Instead, it challenged the denial of placement in a halfway house pending resolution of his parole issues and the relief requested was placement in a halfway house. Doc. 1 at 1, 4, 6. The Court need not consider Petitioner's new arguments.

Even if Petitioner had raised his *ex post facto* clause argument in the pending habeas petition, the Court would not consider it. Petitioner has filed two previous habeas petitions challenging the USPC detainer. *See Mellinger v. Bauknecht*, 0:06-cv-03441-RBH, 2007 WL 4276415 (D.S.C. Nov. 29, 2007); *Mellinger v. Gutierrez*, 536 F. App'x 729 (9th Cir. 2013). Petitioner did not raise his *ex post facto* clause argument in either of his previous habeas petitions. Because Petitioner could have challenged the authority of the USPC to proceed against him in his previous habeas petitions but chose not to, the Court will not address Petitioner's *ex post facto* clause argument. *McCleskey v. Zant*, 499 U.S. 467, 489-93 (1991) (explaining that the doctrine of abuse of writ is not confined to instances of deliberate abandonment; instead, a petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in a previous petition, regardless of whether failure to raise the claim stemmed from a deliberate choice).

**IT IS ORDERED**:

1. The R&R (Doc. 19) is **accepted**.
2. Petitioner's remaining motions (Docs. 12, 17, 20) are **denied as moot**.
3. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **dismissed with prejudice**.
4. The Clerk is directed to **terminate** this action.

Dated this 29th day of August, 2014.

_____
David G. Campbell
United States District Judge